MADDOX, Justice.
Timothy Powell was convicted of capital murder; the Court of Criminal Appeals reversed his conviction due to the State’s violation of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). This Court denied the State’s petition for writ of certiorari but granted Powell’s petition for writ of certiorari in order to examine the Court of Criminal Appeals’ holding that Powell’s arrest was lawful. We affirmed. While Powell’s case was pending before this Court, he filed a petition seeking transfer from death row; this Court transferred that petition to the Court of Criminal Appeals, and that court denied that petition.* Powell then filed the present petition seeking a review of the denial of a transfer from death row.
Since he is no longer under a sentence of death, Powell understandably wishes to be transferred from death row to county jail pending his new trial, so as to have better access to his family and to his attorney. The State has informed us that it is standard procedure to transfer a prisoner from death row after his conviction has been reversed, once the Court of Criminal Appeals issues its certificate of judgment. The Court of Criminal Appeals reversed Powell’s conviction on November 10, 1988; this Court denied the State’s petition for writ of certiorari to review that reversal on February 24, 1989. While Powell’s petition was still pending after February 24, 1989, the reversal of his conviction became final when we denied the writ of certiorari sought by the State. This Court, on June 16, 1989, affirmed the determination by the Court of Criminal Appeals that Powell had been lawfully arrested, and there was no request for a rehearing. Ex parte Powell, 548 So.2d 605 (Ala.1989). We cannot tell from the record before us whether the Court of Criminal Appeals has issued the certificate of judgment, but if it has not done so and its reason was that it was awaiting further orders of this Court, then we direct that court on remand to issue its certificate of judgment.**
This cause is remanded to the Court of Criminal Appeals for it to issue its certificate of judgment, in case it has not already done so.
REMANDED.***
HORNSBY, C.J., and JONES, ALMON, SHORES, ADAMS, HOUSTON, STEAGALL and KENNEDY, JJ., concur.

 Reporter's note: That petition was denied by the Court of Criminal Appeals on May 1, 1989, without opinion. That action will appear on a list of "Decisions of the Court of Criminal Appeals Without Opinion.”

 Reporter’s note: The Court of Criminal Appeals had issued its certificate of judgment on July 6, 1989.

 Reporter’s note: After remand from the Supreme Court, the Court of Criminal Appeals, on February 8, 1990, entered an order dismissing the petition as moot, based upon a letter from the petitioner’s attorney informing the court that the petitioner had been removed from death row.